## No. 5110.

| 26 | 375 |
| 45 | 78 |

F. S. GARNER, Administrator, *v.* WATSON M. GAY and Sheriff.

Art. 2446 of the Revised Civil Code provides that a contract of sale between husband and wife can take place only in the three cases which it mentions.

In this instance, the husband and wife had no right to contract in the manner attempted, and the mortgage sought to be enforced by executory process is utterly void.

The defendant erroneously contends that, as a third holder before the mortgage paper, resulting from this illegal contract, became due, he is not affected by said nullity.

The act of mortgage with which the notes were identified by the official paraph of the notary, showed on its face that the instrument was a contract between husband and wife, made in contravention of law. The defendant, therefore, took the notes, presumably with a knowledge of the incapacity of the parties to make the contract. Besides, a mortgage is not commercial paper governed by the rule invoked by defendant.

APPEAL from the Thirteenth Judicial District Court, parish of Carroll. *Hough,* J. *Montgomery & Delony,* for plaintiff and appellant. *Sparrow & Montgomery,* for defendant and appellee.

WYLY, J. The plaintiff, the administrator of the succession of Warren M. Benton, injoins the executory proceeding sued out by the defendant on two mortgage notes executed by the deceased for $4713 each, on the ground that said notes and mortgage were executed for

the benefit of Mrs. Mary Hughes, wife of said Benton, during the marriage, and they are void because the law prohibits the husband and wife from making contracts of this kind.

The court gave judgment for the defendant dissolving the injunction and ordering the executory process to proceed. The plaintiff appeals.

It appears that in 1867 Mrs. Benton obtained judgment against her husband, Warren M. Benton, for $9426, with recognition of a tacit mortgage on his property, and also a decree of separation of property. Execution issued on this judgment, and Mrs. Benton bought the greater part of the property of her husband.

Subsequently, to wit: in March 1871, she and her husband entered into a contract whereby she agreed to convey all the property acquired under said judgment to her husband in consideration of the notes and mortgage now sought to be enforced. Article 2446 of the Revised Code provides that—" A contract of sale between husband and wife, can take place only in the three following cases :

*First*—When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.

*Second*—When the transfer made by the husband to his wife, even though not separated—has a legitimate cause, as the replacing of her dotal or other effects alienated.

*Third*—When the wife makes a transfer of property to her husband in payment of a sum promised to him as a dowery ; saving, in these three cases, to the heirs of the contracting parties, their rights, if there exist any indirect advantage."

We think it is evident that Mrs. Mary Benton and her husband had no right to contract in the manner attempted in this instance, and that the mortgage sought to be enforced by executory process is utterly void.

The defendant, however, contends that as a third holder before due of this mortgage paper, he is not affected by the nullity complained of.

The act of mortgage with which the notes were identified by the official paraph of the notary, showed on its face that the instrument was a contract between husband and wife, made in contravention of law. The defendant, therefore, took the notes, presumably, with a knowledge of the incapacity of the parties to make the contract. Besides, a mortgage is not commercial paper, governed by the rule invoked by the defendant.

It is therefore ordered, that the judgment appealed from be annulled, and it is now ordered, that the injunction herein be perpetuated and that the defendant pay costs of both courts. See Spurlock v. Mainer, 1 An. 302; Heyden v. Nutt, 4 An. 65.