On the Merits.
Plaintiff obtained a judgment of separation of property in 1S85, and since that date has administered her property.
She claims that she became the creditor of her husband in the year 1912 in the sum of $5,000, used by her husband on his crop. That he “executed a crop privilege” in her favor on Nov. 11, 1912,'and pledged and pawned it per act duly recorded. She averred that this crop on which she claims the privilege is in the possession of the Sugar Planters’ Storage & Distributing Company of New Orleans, which claims to be a creditor of her husband, as she avers; and that they are about to take it beyond the jurisdiction of the court; that, if this be done, it would be in violation of the forthcoming bond furnished by the company to obtain possession of the property.
The Sugar Planters’ Storage & Distributing Company filed a rule to have the sequestration dissolved, alleging that the contract declared upon by Mrs. Ernestine L. Viguerie, plaintiff, is null; that she has no right to stand in judgment, being a married woman, and the defendant her husband; that it intervened as pledgee of the molasses in the suit of the Citizens’ State & Savings Bank v. Frank C. Viguerie, No. 13,358 of the district court, and gave its forthcoming bond to the sheriff; that, even if plaintiff, Mrs. Viguerie, has a valid claim against her husband (it is denied that she has), she has no right of action.
The company claims $500 fee of attorney against Mrs. Viguerie, and the surety on her bond as plaintiff in sequestration.
The court rendered judgment dissolving the sequestration, and dismissing plaintiff’s suit, and Mrs. Viguerie appealed.
[2, 3] The wife has no cause of action in this suit for advances made to her husband in making and gathering his crop of cane. Contracts between spouses are prohibited except in those instances for which the law has made provision. The alleged cause of action does not come within the law’s provision upon the subject. The conditions upon which the wife may institute proceedings are enumerated in article 2446 of the Civil Code. These instances are:
“When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.”
Second. “When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.”
Third. “When the wife makes a transfer of her property to her husband, in payment of a sum promised to him as a dowry.”
These exceptions are exclusive, and have been construed as limiting the parties to the instances mentioned. As a general rule, the husband and wife are incapable of contracting with each other. The only exceptions to this rule are those enumerated in article 2446 of the Civil Code (New).
Attempted contracts between husband and wife not included in these exceptions are nullities. Hayden v. Nutt, 4 La. Ann. 65.
One of plaintiff’s contentions is that she has not sued upon a contract.
The answer suggests itself — that does not remedy the situation. She certainly refers to an investment; we will call it in order to meet the situation. At any rate, there must have been some sort of an understanding between husband and wife. If there was not, then there is no claim whatever.
The petition is plain enough upon the subject.
*411 [4] Moreover, in order that there may be any sort of a claim, the law provides for a privilege in case of a “written agreement” or pledge. Act No. 66 of 1874.
Under general laws, all “written agreements” between husband and wife, made with a view of securing such a claim as that of plaintiff, are prohibited during the marriage. A wife cannot acquire rights against her husband by advancing on the crop in accordance with a “written agreement.” She cannot thus change the nature of her paraphernal rights and become a money lender or merchant, and, as such, advance to her husband. Those are not business relations into which she can enter. Garner, Adm., v. Gay, and Others, 26 La. Ann. 375.
The wife is not authorized to involve her paraphernal rights by advancing on the growing crop of her husband. She owes assistance to her husband, ■ but not by making loans such as those before mentioned.
The wife is not entitled to two securities, to wit: A privilege or pledge and a legal mortgage. The pledge is acquired by “written agreement.” Act No. 66 of 1874.
She cannot, by written agreement with her husband, acquire a privilege.
The civilians of ancient times conceived the idea of a paraphernal right in the interest of the wife and family, while the pledge or privilege is of recent times, adopted mainly in the interest of agriculture. The legal mortgage is intended to be somewhat permanent. The pledge or privilege is a matter of a year. The wife has no right to divide her claim, make loans to her husband, and carve out a right in the growing crop.
The articles of the French Code upon the subject are similar to ours. The French commentators are clear upon the subject. Article 2446 of our Code was borrowed from article 1595 of the Code NapolSon.
Hue, the French commentator, states that it was advisable as between husband and wife, not to place parties between duty and interest, duty on the one hand and interest on the other, with the temptation that such interest 'almost' invariably stimulates. It was to prevent these situations that the prohibitions contained in the French Code were adopted.
We have gone further into the subject than there was need of going in this case, and have discussed it from the point of view, also, of preventing fraud upon creditors. (It must be said that there is no question of fraud here.) Hue, vol. 10, p. 76, § 49.
We will refer for a moment (other than the privilege in the crop under' statute before discussed) to a general principle. The article (2390) regarding legal mortgage is simple and direct, and extends fortunately no further than the mortgage. There is nothing about it encouraging loans to the husband.
Plaintiff has cited decisions as applying which in our opinion do not apply. They relate to the evidence of the indebtedness of the husband, and do not support the proposition that the wife can generally enter into business transactions with her husband. We will not review each of the decisions cited by the plaintiff, as it would only result in reaching the conclusion just expressed.
If plaintiff’s premises are correct, the decisions cited are pertinent; if they are not correct (and we do not think they are), the decisions are not pertinent.
As we have not found it possible to agree with the premises stated, we will not review each decision as there is no necessity.
We have considered the issues heretofore as presented in the petition. But, conceding that the purpose of this suit is to recover by asserting a special right on the crop under the article of the Civil Code cited supra (although the petition claims a pledge, and seems to limit the issues to the act of 1874, relating to “pledge or privilege”), she *413 is without right to the privilege claimed. Privileges exist in favor of persons not incapacitated. To illustrate: The husband can no more grow a crop, subject to the wife’s privilege, under the laws cited, than a tutor can plant a crop, and make it subject to a privilege of his ward.
[5] We will in the next place state that the wife has no authority to sue her husband on such a claim as she presents here. While it is true that she can sue “for the restitution and enjoyment of her paraphernal property,” this right does not include the right to sue for a loan made to her husband; part of her paraphernal funds. Neither can she maintain a suit for an asserted privilege on a crop. She cannot thus divide her paraphernal funds for the payment of which the husband would remain bound. Rights to sue are well defined, and are not to be enlarged beyond the text of the Codes. See Carroll v. Carroll, 42 La. Ann. 1073, 8 South. 400.
[6] She may sue for the restitution of her paraphernal funds to resume their administration. She cannot enter into an agreement whereby a fractional part of her funds can be accepted as a good cause of action. If this could be done, all the prohibitions of the Code would be swept away, and she might conduct a general business. That was never the intention under the well-expressed principles of the civil law.
[7] The remedy of the wife is against her husband in suit asserting her paraphernal rights to date, and claiming her legal privileges.
[8] On another ground—it also suggests itself that plaintiff cannot maintain this action, to wit: The property was sequestered in another suit, viz., Citizens’ State & Savings Bank v. Erank C. Viguerie. The Sugar Planters’ Storage & Distributing Company intervened in that suit, and obtained possession of the property under a forthcoming bond.
Plaintiff has entirely ignored the proceedings (in this separate suit), and seeks to recover the property in another independent and direcf suit against the interveners, who owe an account of their possession to the court in the suit in which the property was first sequestered.
If there was good ground to compel the Sugar Planters’ Storage & Distributing Company to return the property in satisfaction of plaintiff’s claim, the action should have been Drought in the original suit; otherwise there might be a multiplicity of suits, costs, and endless vexations. Orderly administration requires that a pending suit under which the property is held be not entirely ignored, when it is quite manifest that all parties concerned are quite aware of the suits pending.
[9] The court condemned the surety on the bond of sequestration. He was not served; no judgment could be rendered against him. Demands on a sequestration bond as relates to the surety must be made contradictorily with him. Right to proceed against surety reserved.
Eor reasons stated, it is ordered, adjudged, and decreed that the judgment is affirmed. The costs of both courts as to the surety to be paid by defendant and appellee.